IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| PATRICIA ANN PARKER,<br>    Plaintiff | )<br>) | |
| v. | )<br>)<br>) | Civil Action No. 1:13cv00026<br>**REPORT AND**<br>**RECOMMENDATION** |
| CAROLYN W. COLVIN,<br> Acting Commissioner of<br> Social Security,<br>    Defendant | )<br>)<br>)<br>) | <br><br>By:   PAMELA MEADE SARGENT<br>United States Magistrate Judge |

      Plaintiff, Patricia Ann Parker, ("Parker"), filed this action pro se challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying plaintiff's claims for disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423 and 1381 *et seq.* (West 2011 & West 2012). Jurisdiction of this court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

      By Order entered on September 12, 2013, the court granted Parker an extension of time until September 20, 2013, to file her brief outlining her argument as to why the Commissioner's decision should be vacated or reversed. When Parker's brief was not timely filed, the court entered an Order on November 13, 2013, giving Parker 14 days from the date of entry of the Order to file her brief or

her claim would be dismissed for failure to prosecute. To date, Parker has not filed a brief addressing why the Commissioner's decision should be vacated or reversed.

Furthermore, based on the undersigned's brief review of the administrative record, it appears that the ALJ's November 8, 2012, decision denying DIB and SSI benefits is supported by substantial evidence. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ found that Parker had the residual functional capacity to perform light work[1] which did not require exposure to hazards or climbing ladders, ropes or scaffolds, more than occasional balancing, stooping, kneeling, crouching, crawling or climbing ramps or stairs, more than occasional pushing, pulling, reaching, handling, fingering or feeling with the left upper extremity or constant operation of foot controls. (Record, ("R."), at 23.) The ALJ also found that Parker was unable to perform skilled work or complex tasks or perform jobs that required more than occasional interaction with co-workers and was limited to jobs with a specific vocational preparation of 3 with only simple math required, but he found Parker was able to count money and make change. (R. at 23.) Based on this finding, the ALJ found that there were jobs that existed in significant numbers in the national economy that Parker could perform. (R. at 28-29.) Therefore, the ALJ found that Parker was not disabled. (R. at 29.)

The ALJ's finding as to Parker's physical residual functional capacity is supported by the Medical Source Statement Of Ability To Do Work-Related Activities (Physical) completed by Dr. Laurie E. Rennie, M.D., on June 28, 2012. (R. at 662-67.) The ALJ's finding as to Parker's mental residual functional

---

[1] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, she also can perform sedentary work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (2013).

capacity is supported by the report of the July 31, 2012, evaluation of Kathy J. Miller, M.Ed., and her July 31, 2012, Medical Source Statement of Ability To Do Work-Related Activities (Mental). (R. at 678-85.) The ALJ's finding that there were jobs available that Parker could perform is supported by the testimony of the vocational expert, Mark Hileman, at the October 29, 2012, hearing. (R. at 63-66.)

## PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Parker has failed to prosecute her appeal of the Commissioner's decision denying her DIB and SSI benefits; and

2. Substantial evidence exists in the record to support the ALJ's finding that Parker was not disabled under the Act and was not entitled to DIB and SSI benefits.

## RECOMMENDED DISPOSITION

The undersigned recommends that the court affirm the Commissioner's decision denying benefits.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   December 30, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE